IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MANUEL RIVAS                                                                      PLAINTIFF

          v.                         Civil No. 11-5029

SHERIFF TIM HELDER; NURSE
RHONDA MECHEDA; JAIL
ADMINISTRATOR RANDALL
DENZER; and DR. W.H. HOWARD, JR.                           DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action brought by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Manuel Rivas, proceeds *pro se* and *in forma pauperis*.

Plaintiff contends he was denied adequate medical care while detained at the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. Plaintiff is now confined in the Natchitoches Parish Detention Center in Natchitoches, Louisiana.

Defendants have filed a motion for summary judgment (Doc. 55). Plaintiff responded (Doc. 60) and the motion is ready for decision.

**1. Background**

Plaintiff was booked into the WCDC on December 16, 2008. He advised the booking officer and, at a later time, the medical staff, that he was undergoing treatment for poor circulation in his right foot. He brought with him medications for two chronic conditions: high blood pressure; and diabetes. He also brought his "diabetic equipment."

During the five and a half months he was incarcerated at the WCDC, Plaintiff states he never had his blood sugar checked. He maintains this was an important part of his diabetic

-1-

AO72A
(Rev. 8/82)

treatment.

While he did receive his glipzide[1] and metformin[2] tablets, he maintains he never received his high blood pressure medication or insulin. According to Plaintiff, because he did not receive proper treatment at the WCDC, he was told that he would probably lose his right foot. He asserts that he had two foot surgeries and thankfully only lost one toe on his right foot.

He alleges he was badly mistreated by the doctor, nurse, and jail administrator of the WCDC. He asserts the doctor committed malpractice and could not look past his own diagnosis. He maintains the nurse was incompetent. With respect to the jail administrator and sheriff, Plaintiff maintains they were unable to "control and maintain a safe environment."

### 2. Applicable Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. See Celotex v. Catrett, 477 U.S. 317, 324 (1986).

### 3. Discussion

Defendants note that Plaintiff sued them in their official capacity only. They maintain

---

[1] Glipzide is used to treat Type 2 diabetes. It lowers the blood sugar by causing the pancreas to produce insulin. Medline Plus http://www.nlm.nih.gov/medlineplus/druginfo/meds/a684060.html (accessed August 13, 2013).

[2] Metformin is used to treat Type 2 Diabetes. It helps to control the amount of glucose in the blood. It decreases the amount of glucose absorbed from food and the amount of glucose made by the liver. Medline Plus http://www.nlm.nih.gov/medlineplus/druginfo/meds/a696005.html (accessed August 13, 2013).

they are entitled to summary judgment because Plaintiff can offer no proof of any unconstitutional county policy or custom that was the moving force behind the underlying violation of his constitutional rights. For this reason, they maintain Plaintiff's claims fail as a matter of law.

In response, Plaintiff asserts the WCDC policies and procedures are deficient because they do not contain provisions for the care, and preventative maintenance, of diabetic inmates nor do they provide for a chronic care clinic. As a result, he asserts the care he received was so deficient that he lost a toe on the right foot due to an infection and no medical care.

Plaintiff filed this case in the Eastern District of Arkansas utilizing a form complaint for use by prisoners. On the form, Plaintiff was asked if he was suing the Defendants in their official capacity only, personal capacity only, or both official and personal capacity. Plaintiff indicated he was suing Defendants in their official capacity only, (Doc. 2 at pg. 2).

An official capacity claim "is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Washington County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right." Alexander v. Hedback, 718 F.3d 762, 766 (8th Cir. 2013)(citations omitted). "There must be a causal connection between the municipal policy or custom and the alleged constitutional deprivation in order to state a valid claim under § 1983. " Ulrich v. Pope County, 715 F.3d 1054, 1061 (8th Cir. 2013)(citation omitted).

Defendants have in place the following written policies: 8.01 Preliminary Health

-3-

Screening; 8.02 Emergency Medical Care; 8.03 Non-emergency Care and Daily Medical Complaints; 8.04 Medication/Pharmaceuticals; 8.05 Detainee Dental Services; 8.06 Psychological/Psychiatric Care; 8.07 Communicable and Infectious Diseases; and 8.08 Inmate Cleanliness and Facility Sanitation. *Defts' Ex.* 1.

A preliminary health screening is done by a detention officer who questions the detainee "as to their physical condition at the time of admission." *Defts' Ex.* 1, Policy 8.01. The detainee's answers are recorded on a screening form. *Id.* If the detainee requires further examination at the time of booking, the detainee is placed in a holding cell. *Id.* The completed screening from is placed in the detainee's medical file. *Id.*

With respect to non-emergency medical care, Policy 8.03 provides that detainees may make medical complaints daily for review by medical personnel. During booking, the inmates are advised both verbally and writing of the procedure for obtaining medical care. *Id.* The written requests for medical care are given to the nurse or ranking officer on duty. *Id.* The nurse is responsible for seeing that all examinations, treatments, etc., are recorded in the inmate's medical file. *Id.* Physician orders are attached to the detainee's file with a notation also made on the log. *Id.* The nurse is required to check the log and make sure all physician's orders are followed. *Id.*

Medications are required to be given in accordance with the instructions of the prescribing authority. *Defts' Ex.* 1, Policy 8.04. Medication is distributed during scheduled times. *Id.* Log sheets are kept indicating what medications were distributed to which detainee. *Id.* If a detainee is booked in with medication on his person, the prescription has to be verified and approved by the nurse prior to it being administered. *Id.*

-4-

Here, Plaintiff maintains the policies are inadequate because they do not specifically provide for the care of diabetic inmates. However, he makes no argument that medical care was not furnished for inmates in general, or to diabetics in particular, under the existing policy. He does not assert a failure on the part of jail staff to refer him to the medical staff as required by the medical care policy after he advised the booking officer of his medical conditions and his daily medications. *Defts' Ex.* 1, Policy 8.01. He does not argue that he was refused access to, or somehow prevented from, seeing jail medical staff regarding his medical conditions. In fact, he indicates he was seen and continued to receive his daily oral diabetes medication.

There is no constitutional requirement that jail policies list, or discuss, every disease in their medical care policy. Instead, the constitutional requirement is that inmates be provided with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976)(Eighth Amendment requires the provision of adequate medical care and is violated when prison officials are deliberately indifferent to an inmate's serious medical needs). The essence of Plaintiff's claim is that he did not receive adequate medical care for his medical conditions--diabetes and high blood pressure. An isolated incident of misconduct does not establish a municipal policy or custom. Wedemeier v. City of Ballwin, 931 F.3d 24, 26 (8th Cir. 1991). Defendants are therefore entitled to judgment in their favor on official capacity claims--the only claims asserted in this case.

### 4. Conclusion

For the reasons stated, I recommend that the motion for summary judgment (Doc. 55) be granted and the case dismissed.

**The parties have fourteen days from receipt of the report and recommendation in**

AO72A
(Rev. 8/82)

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of August 2013

                                                                /s/ *Erin L. Setser*
                                                                HON. ERIN L. SETSER
                                                                UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**